*Trimble, Huston, for appellant.*

---

## J. W. Phelps & Co. *v.* Wm. V. Loving & Co.

**Attorney and Client—Lien for Attorney's Fees—Suit to Set Aside Fraudulent Conveyance—Judgment for Defendant—No Lien.**

An attorney has a lien upon all choses in action, accounts or other claims or demands put in his hands for suit or collection and upon the judgments recovered. But he is not entitled to a lien where he represents a defendant in a suit to set aside a conveyance as fraudulent against creditors, where the judgment dismissed the action only.

### APPEAL FROM BUTLER CIRCUIT COURT.

November 1, 1871.

Opinion by Judge Peters:

By an act of the Legislature approved January 26, 1866, Myer's Supp. 685, a lien is given to an attorney upon any choses in action, account or other claim, or demand put into his hands for suit or collection, and upon judgments in actions prosecuted by him to recover, when the judgment is for money, for the amount of any fee which may reasonably have been agreed on by the parties. Or in the absence of such agreement, for a fair and reasonable fee for the services of such attorney.

Appellees were allowed the fees complained of, not for prosecuting a suit, or suits on choses in action, accounts or demands put in their hands, or the hands of either of them, nor were there any judgments for money in either of the cases in favor of their clients, but they were the attorneys for Hosey against whom Phelps and others were prosecuting suits to subject a tract of land to the payment of debts, which they held against Hosey's vendor, on a charge that the conveyance as to them was fraudu-

lent—and the judgment recovered by their client for whom they were defending said suits was to dismiss the petitions against him, and that he should recover their costs against them. It is apparent from an inspection of the *Act, supra,* and the character of the judgment, that it was not such as authorized the court to take any action in their favor. The court had no jurisdiction to render the judgment which this suit seeks to record, nor had appellees any lien, from anything that appears in the record, on the land which was the subject of the litigation, in which they represented said Hosey.

It will be time enough to decide on what property the Act of 21st of January, 1871, 1. vol. sess; Acts, 1871, p. 5, gives attorneys liens for their fees, and the effect of that act, when a case shall arise subsequent to its passage. The allowance to appellee was made prior to that act, and as it only took effect from its passage, and had no retrospective operation, this case is not embraced by it. Wherefore the judgment is reversed, and the cause is remanded with directions to dismiss the petition.

*James, for appellant.*